40 F.3d 1250
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Richard C. FIREMAN, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 94-3245.
 United States Court of Appeals, Federal Circuit.
 Oct. 28, 1994.
 
 Before ARCHER, Chief Judge, RICH and NEWMAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Richard C. Fireman petitions for judicial review of the decision of the Merit Systems Protection Board (MSPB or Board), Docket No. NY-0351-93-0514-I-1, which dismissed Fireman's appeal of a reduction-in-force for lack of jurisdiction. The September 27, 1993 decision of the administrative judge (AJ) became the final decision of the MSPB on February 10, 1994 when the MSPB denied Fireman's petition for review. We affirm.
 
 DISCUSSION
 
 2
 Our standard of review requires that we affirm a decision of the MSPB unless it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, or unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1988). The jurisdiction of the MSPB is limited to those areas specifically delineated by statute, rule, or regulation, Saunders v. Merit Sys. Protection Bd., 757 F.2d 1288, 1290 (Fed.Cir.1985), and the burden of establishing jurisdiction at the MSPB lies with the petitioner. Maddox v. Merit Sys. Protection Bd., 759 F.2d 9, 10 (Fed.Cir.1985).
 
 
 3
 Because petitioner did not establish that he was a preference eligible employee,[1] the Board correctly found that the petitioner could not invoke the Board's jurisdiction under 5 U.S.C. Sec. 7511(a)(1)(B) (Supp. V 1993). See McCandless v. Merit Sys. Protection Bd., 996 F.2d 1193, 1196 (Fed.Cir.1993).
 
 
 4
 Petitioner now asserts that the Board had jurisdiction over his appeal because he was an employee engaged in personnel work in other than a purely nonconfidential clerical capacity. 39 U.S.C. Sec. 1005(a)(4)(A)(ii)(I) (1988). The petitioner failed to make this argument before the Board. Moreover, the record demonstrates that the petitioner received an Acknowledgment Order which specifically identified all of the jurisdictional prerequisites for appeal, including 39 U.S.C. Sec. 1005(a)(4)(A)(ii)(I), as well as the fact that any jurisdictional finding by the MSPB would be final. See Waldau v. Merit Sys. Protection Bd., 19 F.3d 1395, 1403-04 (Fed.Cir.1994) (describing the relevance of the language of an Acknowledgment Order in barring new jurisdictional arguments). Thus, this new argument is untimely, and we will not consider it for the first time on appeal.
 
 
 
 [1]
 A federal employee qualifies as "preference eligible" if the employee is a veteran, a disabled veteran, or within certain classes of dependents of veterans. 5 U.S.C. Sec. 2108(3)(A-G) (1988)