**Barron GIBBS, Petitioner,**

v.

**MERIT SYSTEMS PROTECTION BOARD, Respondent.**

No. 01–3263.

United States Court of Appeals, Federal Circuit.

May 30, 2002.

Before MAYER, Chief Judge, BRYSON and PROST, Circuit Judges.

ON MOTION

BRYSON, Circuit Judge.

ORDER

Barron Gibbs moves for a remand to the Merit Systems Protection Board for a hearing. The Board moves, out of time and without opposition, for leave to respond. The Board opposes the motion for a remand and moves for summary affirmance. Gibbs has not responded.

Gibbs sought review of his removal from his position as a mail carrier with the United States Postal Service. The Administrative Judge (AJ) dismissed Gibbs' appeal for lack of jurisdiction because he failed to allege that he was preference eligible or a confidential employee, supervisory employee or manager.

Summary affirmance of a case "is appropriate, *inter alia,* when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists". *Joshua v. United States,* 17 F.3d 378, 380 (Fed. Cir.1994). Appeals by Postal Service employees are generally not within the jurisdiction of the Board. However, the Board has jurisdiction over an appeal filed by a Postal Service employee who has completed one year of current continuous service in the same or similar positions and who is either (1) preference eligible or (2) in the position of a supervisor or a management employee, or engaged in personnel work other than a purely nonconfidential clerical capacity. *See McCandless v. Merit Systems Protection Board,* 996 F.2d 1193 (Fed.Cir.1993). Because Gibbs did not allege that he met either of these exceptions, the Board correctly concluded that it lacked jurisdiction. We conclude that no substantial question regarding the outcome of this appeal exists; therefore, summary affirmance is appropriate.

Accordingly,

IT IS ORDERED THAT:

(1) Gibbs' motion for a remand is denied.

(2) The Board's motion for an extension of time is granted.

(3) The Board's motion for summary affirmance is granted.

(4) Each side shall bear its own costs.