NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-3264

KANAL V. GASTON,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

_____

DECIDED: December 22, 2006
_____

Before NEWMAN, LINN, and MOORE, Circuit Judges.

PER CURIAM.

Kanal V. Gaston ("Gaston") appeals the final decision of the Merit Systems Protection Board ("Board"), Gaston v. United States Postal Serv., NY3443060036-I-1 (Feb. 28, 2006), concluding that it does not have jurisdiction over Gaston's appeal. We affirm.

BACKGROUND

Gaston was an employee of the United States Postal Service ("Postal Service"), Office of Inspector General ("OIG"). Gaston filed an appeal to the Board alleging that the Postal Service OIG engaged in prohibited personnel practices as a result of his whistleblowing activity under the Whistleblower's Protection Act ("WPA"), 5 U.S.C. §

1221 (2000). Ultimately, the Administrative Law Judge ("AJ") dismissed Gaston's appeal for lack of jurisdiction. See Gaston v. United States Postal Serv., NY3443060036-I-1 (Feb. 28, 2006). Gaston timely appealed the Board's dismissal to this court.

## DISCUSSION

The scope of our review of the Board's decisions is limited by statute. See 5 U.S.C. § 7703(c). We must affirm the Board's decision unless it was: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." Id.

The Board's jurisdiction is limited to those areas specifically provided for by statute, rule or regulation and we review its jurisdictional conclusions de novo. See Saunders v. Merit Sys. Protection Bd., 757 F.2d 1288, 1290 (Fed. Cir. 1985); Harding v. Dept. of Veterans Affairs, 448 F.3d 1373, 1375 (Fed. Cir. 2006). We are, however, "bound by the AJ's factual determinations unless those findings are not supported by substantial evidence." Bolton v. Merit Sys. Protection Bd., 154 F.3d 1313 (Fed. Cir. 1998). The petitioner bears the burden of establishing the Board's jurisdiction by a preponderance of the evidence. See 5 C.F.R. § 1201.56(a)(2)(i); Harding, 448 F.3d at 1375.

I.    The Board Lacked Jurisdiction Over Gaston's IRA under the WPA

We have held that employees of the Postal Service cannot appeal alleged prohibited personnel practices under 5 U.S.C. § 2302 directly to the Board under the

2006-3264                          2

individual right of action ("IRA") appeals provided for by the WPA.  See Booker v. Merit Sys. Protection Bd., 982 F.2d 517, 519 (Fed. Cir. 1992).

Gaston is incorrect in asserting that the OIG is not part of the Postal Service. Section 410(b)(10) of Title 39 of the United States Code makes the Inspector General Act of 1978, Pub. L. No. 95-452, 92 Stat. 1101 (codified at 5 U.S.C. app. 3, § 1 et seq.), applicable to the Postal Service.  Section 8G(a)(2) of the Inspector General Act ("IGA") defines the Postal Service as a "designated Federal entity" within the meaning of that section.  See 5 U.S.C. app. 3, § 8G(a)(2).  According to section 8G(b), the OIG was to be "established and maintained in each designated Federal entity." 5 U.S.C. app. 3, § 8G(b).  The IGA requires that the "Inspector General ... report to and be under the general supervision of the head of the designated Federal entity, but shall not report to, or be subject to supervision by, any other officer of employee of such designated Federal entity." 5 U.S.C. app. 3, § 8G(d).  Both the Postmaster General and the USPS Inspector General are subject to appointment and removal by the Postal Board of Governors, which serves as the "head of department" for the Postal Service.  See 39 U.S.C. § 202(a),(c),(e) (2000).

Therefore, Gaston was a Postal Service employee.  Because employees of the Postal Service cannot appeal violations of the WPA directly to the Board under IRA provisions, we affirm the Board's dismissal because it lacked jurisdiction over Gaston's WPA appeal.

II.    The Board Lacked Jurisdiction Over Gaston's Removal

While Gaston's appeal was pending before the Board, he was removed from his position with the OIG for being absent without leave ("AWOL") for over 280 hours.

Although Gaston did not challenge his removal in his initial appeal to the Board, we address the Board's jurisdiction over it here because the Postal Service raised the Board's jurisdiction over Gaston's removal as an issue in Gaston's appeal to the Board, the Board addressed it, as it has discretion to do, 5 C.F.R. § 1201.24(b), and Gaston has challenged the Board's dismissal for lack of jurisdiction over his removal before this court.

We affirm the Board's decision that Gaston has not sustained his burden of establishing the Board's jurisdiction under McCandless v. Merit Sys. Protection Bd., 996 F.2d 1193, 1198 (Fed. Cir. 1993) (recognizing that under 39 U.S.C. § 1005(4)(A)(ii) only supervisors, managers and employees "engaged in personnel work in other than a purely nonconfidential clerical capacity" are entitled to appeals before the Board).

CONCLUSION

Accordingly we affirm the dismissal of Gaston's appeal.