NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**LORETTA HAYDEN,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

**UNITED STATES POSTAL SERVICE,**
*Intervenor*

---

2016-1291

---

Petition for review of the Merit Systems Protection Board in No. NY-0752-15-0025-I-1.

---

Decided: May 10, 2016

---

LORETTA HAYDEN, Brooklyn, NY, pro se.

JEFFREY A. GAUGER, Office of the General Counsel, Merit Systems Protection Board, Washington, DC, for respondent. Also represented by BRYAN G. POLISUK.

JOSEPH E. ASHMAN, Commercial Litigation Branch, Civil Division, United States Department of Justice,

Washington, DC, for intervenor. Also represented by
BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., REGINALD
T. BLADES, JR.

_____

Before PROST, *Chief Judge,* LINN and TARANTO, *Circuit
Judges.*

PER CURIAM.

Loretta Hayden petitions for review of the final deci-
sion of the Merit Systems Protection Board dismissing her
appeal for lack of jurisdiction. *Hayden v. U.S. Postal
Serv.*, No. NY-0752-15-0025-I-1, 123 M.S.P.R. 9 (M.S.P.B.
Oct. 7, 2015). Because Ms. Hayden was not a manager or
a confidential employee within the meaning of 39 U.S.C.
§ 1005(a)(4)(A)(ii), we affirm.

## BACKGROUND

Ms. Hayden was a non-preference-eligible Human Re-
sources Specialist in the New York division of the Labor
Relations Office of the United States Postal Service
("USPS"). In this position, she handled unemployment
claims for former USPS employees and represented the
USPS at unemployment compensation hearings. She had
access to confidential agency databases and performed
information processing tasks, such as verifying infor-
mation from claims in the Employee Personnel Action
History ("EPAH") database, receiving and inputting "Step
2 grievances" and "Formal A appeals" into the agency's
Grievance Tracking System ("GATS"), inputting discipli-
nary information into the Disciplinary Tracking Program
("DTP"), and running reports against the Time and At-
tendance Control System ("TACS") in response to union
requests. She also had access to the Labor Relations
Research Information System ("LRRIS"), a national
database of USPS arbitration decisions. Ms. Hayden was
paid according to the Executive and Administrative

Schedule ("EAS") pay scale, level 16, and was not a member of a collective bargaining unit.

On May 20, 2014, USPS proposed to demote Ms. Hayden to a PS-4 Mail Handler for entering incorrect information relating to a grievance against her sister, another USPS employee who had been accused of mail theft. On June 12, 2014, Ms. Hayden met with a USPS official to respond to the proposed demotion. USPS issued a letter of written decision on September 10, 2014, demoting Ms. Hayden as proposed. The letter informed Ms. Hayden "[y]ou have the right to appeal this decision directly to the Merit Systems Protection Board."

Ms. Hayden appealed to the Merit Systems Protection Board ("Board") on October 28, 2014. On November 24, 2014, the administrative judge assigned to her case issued an Order to Show Cause informing Ms. Hayden that she had the burden of proving that the Board had jurisdiction over her appeal and directing her to provide argument and evidence on this issue. Ms. Hayden submitted written responses and provided oral clarification over the telephone. On June 15, 2015, the administrative judge issued an Initial Decision finding that the Board lacked jurisdiction over Ms. Hayden's appeal because Ms. Hayden failed to show that she was a manager or a confidential employee. The Board affirmed the administrative judge's determination.

Ms. Hayden timely appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

The Board's jurisdiction is not plenary, but is strictly circumscribed by statute and regulation. *See* 5 U.S.C. § 7701(a). With respect to adverse actions taken against non-preference-eligible USPS employees, the Board only has jurisdiction to review the action if the employee:

(I) is in the position of a supervisor or a *management employee* in the Postal Service, or is an employee of the Postal Service engaged in personnel work in *other than a purely nonconfidential clerical capacity*; and

(II) has completed 1 year of current continuous service in the same or similar positions.

39 U.S.C. § 1005(a)(4)(A)(ii) (emphases added).

Whether the Board has jurisdiction is a question of law which we review de novo. *Bolton v. Merit Sys. Prot. Bd.*, 154 F.3d 1313, 1316 (Fed. Cir. 1998). We review underlying factual determinations for substantial evidence. *Id.* The petitioner bears the burden of establishing jurisdiction. *Id.*

It is undisputed that Ms. Hayden completed one year of service and was neither a preference-eligible employee nor a supervisor. Supplemental App. 3. Thus, in order to establish Board jurisdiction, she had to prove that she was either a "management employee" or was "engaged in personnel work in other than a purely nonconfidential clerical capacity." 39 U.S.C. § 1005(a)(4)(A)(ii)(I). The Board concluded that Ms. Hayden failed to show that she fell within either of these categories. Supplemental App. 6–7. On appeal, Ms. Hayden challenges these determinations and argues that she was denied due process. We address each argument in turn.

## A

Under Supreme Court and National Labor Relations Board ("NLRB") precedent, a "management employee" is one who "formulate[s] and effectuate[s] management policies by expressing and making operative the decisions of their employer." *Waldau v. Merit Sys. Prot. Bd.*, 19 F.3d 1935, 1398 (Fed. Cir. 1994) (quoting *NLRB v. Bell Aerospace Co. Div. of Textron*, 416 U.S. 267, 286 (1974)) (internal quotation marks omitted). Whether an employ-

ee meets this criteria is not determined by her job title, but by her "actual job responsibilities, authority, and relationship to management." *Bell Aerospace*, 416 U.S. at 290 n.19.

The administrative judge considered these principles and determined that Ms. Hayden failed to allege facts that she "formulate[d] and effectuate[d] management policies by expressing and making operative the decisions of their employer." Supplemental App. 16. We agree. Ms. Hayden has not asserted or provided evidence that she actually formulated USPS policy as a Human Resources Specialist. Indeed, it appears that her responsibilities largely involved carrying out policy set by others. For example, Ms. Hayden stated that, in representing the USPS in unemployment compensation cases, she "investigate[d] the validity" of unemployment claims against the EPAH database. *Id.* at 54. This type of verification work is simply enforcement of existing policy, which is insufficient to render her a "management employee."

Ms. Hayden's arguments to the contrary are not persuasive. Ms. Hayden points to certain pieces of evidence which seem to classify her job as managerial, including an excerpt from the USPS letter of decision terming her "a postal employee representing Management," her membership in the National Association of Postal Supervisors ("NAPS"), and her placement in the Labor Relations Office, which she contends only offered management-level positions. However, being labeled "management" does not make one a "management employee" within the meaning of 39 U.S.C. § 1005(a)(4)(A)(ii)(I). Instead, the inquiry must focus on the employee's actual job duties; as discussed above, Ms. Hayden failed to allege sufficient facts on this point.

Ms. Hayden also argues that she was a "management employee" because she was placed on the EAS pay scale, had been given a non-bargaining salary increase in the

past, and was not a member of a collective bargaining unit. We have held that USPS employees who are legally barred from participation in a collective bargaining unit have appeal rights to the Board. *McCandless v. Merit Sys. Prot. Bd.*, 996 F.2d 1193, 1201 (Fed. Cir. 1993). However, none of these facts alleged by Ms. Hayden would, if true, establish that she is precluded from joining a collective bargaining unit as a matter of law. *See Bolton*, 154 F.3d at 1321 (affirming a denial of jurisdiction where "Bolton [has not] shown any legal authority suggesting he is ineligible for union membership as a matter of law"); *Coursen v. U.S. Postal Serv.*, 256 F.3d 1353, 1356 (Fed. Cir. 2001) (affirming a denial of jurisdiction where "Coursen failed to demonstrate that he was precluded as a matter of law from joining a CBU"). Moreover, her placement on the EAS pay scale is not sufficient to term her a "management employee." Accordingly, Ms. Hayden is not entitled to Board jurisdiction.

B

Because Ms. Hayden is not a "management employee," the Board would only have jurisdiction over her appeal if she is "engaged in personnel work in other than a purely nonconfidential clerical capacity." 39 U.S.C. § 1005(a)(4)(A)(ii). To fall within this category, she must satisfy the NLRB's definition of "confidential employee." *McCandless* 996 F.2d at 1199. The NLRB defines "confidential employee" as one who (1) "assist[s] and act[s] in a confidential capacity to persons who formulate, determine and effectuate management policy in the field of labor relations," or (2) "regularly ha[s] access to confidential information concerning anticipated changes which may result from collective-bargaining negotiations." *NLRB v. Hendricks Cnty. Rural Elec. Membership Corp.*, 454 U.S. 170, 189 (1981) (citations omitted).

The administrative judge found that, although Ms. Hayden regularly had access to confidential information

as a part of her work on unemployment compensation cases, she neither assisted in the "formulat[ion] . . . [of] management policy in the field of labor relations" nor "had access to confidential information concerning anticipated changes which may result from collective-bargaining negotiations." Supplemental App. 18–19.

Substantial evidence supports these findings. Ms. Hayden conceded to the administrative judge that she did not participate in arbitration or grievance proceedings at the USPS, and she presented no other evidence that she was involved in labor disputes or collective bargaining negotiations. *Id.* In addition, a declaration submitted by her supervisor states that Ms. Hayden "did not perform any Labor Relations Specialist (EAS-19) work such as deciding on grievances, meeting with unions, reviewing and preparing employee discipline, or providing advice to postal supervisors/managers on contractual issues." *Id.* at 52. Although Ms. Hayden had access to the GATS system, nothing in the record shows that she performed anything more than clerical data entry. *See id.* at 29, 61. Thus, we see no reason to disturb the administrative judge's factual findings.

Ms. Hayden argues that she was a "confidential employee" because she had access to confidential information in the EPAH, TACS, GATS, DTP, and LRRIS systems, but this argument fails as a matter of law. "Mere access to personnel information is insufficient to establish confidential status." *McCandless*, 996 F.3d at 1200 (quoting *Benifield v. U.S. Postal Serv.*, No. CH07528810478, 1989 WL 17814 (M.S.P.B. Feb. 28, 1989)). Accordingly, we agree that Ms. Hayden was not "engaged in personnel work in other than a purely nonconfidential clerical capacity" under 39 U.S.C. § 1005(a)(4)(A)(ii).

## C

Ms. Hayden also argues that the denial of a right to appeal to the Board deprived her of due process. Howev-

er, jurisdiction is a threshold issue and the Board was correct to decline to proceed once it determined it lacked authority to hear her case. Accordingly, no further process was due.

CONCLUSION

We have carefully considered the remainder of Ms. Hayden's arguments and have determined that they lack merit. For the foregoing reasons, we affirm the Board's decision that it lacked jurisdiction over Ms. Hayden's appeal.

**AFFIRMED**

COSTS

Each party shall bear their own costs.