

**FILED**
February 02, 2021
ST-2013-CV-00668
**TAMARA CHARLES**
**CLERK OF THE COURT**

**IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**
*******

| | |
|---|---|
| UNITED STEELWORKERS, LOCALS 8248 & 8249, )<br><br>Petitioner, )<br><br>vs. )<br><br>GOVERNMENT OF THE VIRGIN ISLANDS, )<br>DIVISION OF PERSONNEL, and PUBLIC EMPLOYEES )<br>RELATIONS BOARD, )<br><br>Respondents. )<br>_____ ) | CASE NO. ST-13-CV-668<br><br>PETITION FOR WRIT<br>OF REVIEW<br><br><br>Cite as 2021 VI Super 12 |

**MICHAEL J. SANFORD, Esq.**
Sanford Amerling & Associates
2191 Church Street
Christiansted, V.I. 00820-4601
*Attorney for Petitioner*

**HENRY C. SMOCK, Esq.**
SmockLaw, P.C.
P.O. Box 1498
St. Thomas, V.I. 00804
hsmock@smvilaw.com
*Attorney for Public Employees Relations Board*

**ZULEYMA CHAPMAN, Esq.**
Assistant Attorney General - Labor
Office of Collective Bargaining
5001 Chandler's Warf, Suite 10
Christiansted, V.I. 00820
zuleyma.chapman@ocb.vi.gov
*Attorney for Government of the Virgin Islands*

**LARRY RAYMOND ROY, Esq.**
P.O. Box 25435
Christiansted, V.I. 00824
lrroy@viperb.org
*Attorney for Public Employees Relations Board*

CARTY, RENÉE GUMBS, Judge

### MEMORANDUM OPINION

¶ 1.    **THIS MATTER** is before the Court on a Petition for Writ of Review of the Public Employees Relations Board's ("PERB") Decision and Order in PERB-UC-08-07. Petitioner, United Steelworkers Locals 8248 & 8249 ("the Union") filed its brief on September 2, 2014. Respondents, the Government of the Virgin Islands, Division of Personnel ("DOP") filed its opposition brief on November 24, 2014, and Respondent PERB filed its opposition brief on November 21, 2014.

Petitioners filed a reply on December 22, 2014. For the reasons below, the Court finds that PERB

exceeded its authority and vacates its November 6, 2013 Decision and Order.

## I.    Factual Background

¶ 2.    In 2008, the Government petitioned PERB for bargaining unit clarification, proposing that

certain positions within the DOP be excluded from the non-supervisory unit as "confidential

employees." PERB held hearings in 2008 and 2009, and issued its Decision and Order on November

6, 2013. PERB excluded the positions of: (1.) Training Coordinator; (2.) Purchasing/Payroll Officer;

(3.) Personnel Audit Technician III; (4.) Human Resource Specialist; (5.) & (6.) Personnel Analysts

II & III; and (7.) & (8.) Personnel Representatives I & II. The Union now appeals that decision,

arguing that these eight positions are not confidential and should be allowed to remain in the unit.

## II.    Jurisdiction and Standard of Review

¶ 3.    This Court has jurisdiction pursuant to 3 V.I.C. § 530a(a) and 5 V.I.C. §§ 1421–23. Title 3,

section 530a provides that "[a]ny party aggrieved by any final order of the PERB issued under section

530 or 531 of this chapter, may appeal to the Superior Court of the Virgin Islands." 3 V.I.C. § 530a(a).

A writ of review is available when an "officer, board, commission, authority or tribunal . . . appears

to have exercised [its] functions erroneously, or to have exceeded [its] jurisdiction, to the injury of

some substantial right of the plaintiff." 5 V.I.C. § 1422. The reviewing court may enforce the order,

modify and enforce it, set it aside, or return the matter to the PERB with instructions for further

proceedings. 3 V.I.C. § 530a(c); *see also* 5 V.I.C. § 1423.

¶ 4.    On appeal from PERB, "the Superior Court functions as an appellate court." *V.I. Narcotics

Strike Force v. Gov't of the V.I. Pub. Emples. Rel. Bd.*, 60 V.I. 204, 218 (V.I. 2013) (citing 3 V.I.C.

§ 530a(a)–(c)). "[A]ll questions of fact determined by the PERB shall be conclusive, if supported by

substantial evidence in the record considered as a whole." 3 V.I.C. § 530a(b). Substantial evidence is that which "a reasonable mind might accept as adequate to support a conclusion." *Hansen v. V.I. Water & Power Auth.*, 56 V.I. 25, 35 (V.I. Super. Ct. 2012). The Court "applies a plenary standard of review with respect to pure questions of law." *Bryan v. Fawkes*, 61 V.I. 201, 223 (V.I. 2014). Virgin Islands courts need not defer to agency interpretations of law. *Id.* at 224 n.16 (rejecting *Chevron* and *Skidmore* deference).

### III.    Discussion

¶ 5.    PERB is a creature of statute, established by the Legislature. 24 V.I.C. § 364 ("There is hereby created as a separate independent board of the Government of the Virgin Islands, a Public Employees Relations Board . . . ."). As such, its authority is derived from and confined to the words of the statute; it lacks authority to take any action the Legislature has not sanctioned. *VF Jeanswear LP v. EEOC*, 140 S. Ct. 1202, 1204 (2020) ("This fundamental principle applies not only to substantive areas regulated by an agency but also to the agency's underlying jurisdiction."). Any PERB practice or precedent that does not strictly conform to its statutory mandate is *ultra vires* and void, no matter how well-established or long running. *City of Arlington v. FCC*, 569 U.S. 290, 297 (2013) (Agencies' "power to act and how they are to act are authoritatively prescribed by Congress, so that when they act improperly, no less than when they act beyond their jurisdiction, what they do is ultra vires.").

¶ 6.    In this matter, the Court is asked to decide whether PERB acted in accordance with its statutory mandate when excluding DOP employees from the non-supervisory bargaining unit. Classified government employees "have the right of self-organization, to form, join or assist labor organizations, to bargain collectively through representatives of their own choosing, and to engage in concerted activities for the purpose of collective bargaining or other mutual aid or protection, free

from interference, restraint, or coercion by employers." 24 V.I.C. § 64. PERB is tasked with "determin[ing] an appropriate bargaining unit of public employees by identifying the specific class or classes of employees or identifying positions the employees of which shall be members of a unit[.]" 24 V.I.C. § 370. PERB may classify employees for a certain bargaining unit but cannot eliminate government employees' right of self-organization altogether.

¶ 7.    Here, and in the related case, *United Steelworkers, Locals 9488 & 9489 v. Gov't of the V.I.*, No. SX-15-CV-260, PERB removed various DOP employees from their bargaining units, claiming they are "confidential employees." Confidential employees are "only those persons who assist and act in a confidential capacity to persons who formulate, determine, and effectuate management policies in the field of labor relations . . . ." 24 V.I.C. § 362. Title 24 does not require confidential employees to be placed in a separate bargaining unit; in fact, the term does not appear anywhere outside the definitions section. PERB's view that confidential employees must be excluded from bargaining units with non-confidential employees is not mandated by statute.

¶ 8.    Rather, PERB's authority to exclude confidential employees from a bargaining unit is derived from its general power to "determine appropriate bargaining units" and "make, amend and rescind, after notice and appropriate public hearings, rules, regulations and procedures as may be necessary to carry out the provisions of this chapter[.]" 24 V.I.C. §§ 365, 370. Acting on this directive, PERB established a regulation providing that "no bargaining unit shall contain confidential employees together with non-confidential employees." 24 V.I.R.R. 24.372.2(c). As the term "confidential employee" is defined by statute, PERB's interpretation and use of that term must comport with the definition. Neither PERB's interpretation of the statutory definition, nor the factors it considers, are entitled to deference by the Court. *Bryan v. Fawkes*, 61 V.I. at 224 n.16. The Court looks to PERB's

past decisions only to the extent it finds them persuasive or helpful in applying the statutory definition of confidential employee.

¶ 9.      Confidential employees are limited to "*only* those persons who assist and act in a confidential capacity to persons who formulate, determine, and effectuate management policies in the field of labor relations . . . ." 24 V.I.C. § 362 (emphasis added). This definition requires discerning the scope of "the field of labor relations." Chapter 3 of title 24, is entitled "Labor Relations," and while not defined, it is clear labor relations refers to "the practice and procedure of collective bargaining . . . ." 24 V.I.C. §§ 61, 62. Section 62 bolsters this conclusion. It defines "employee," "employer," "labor organization," "representative," "unfair labor practice," and "labor dispute." These terms make up both the subject matter and the parties involved in collective bargaining. Other chapters in title 24 govern labor practices and standards, personnel management, unemployment, workers' compensation, and additional labor topics. Chapter 14, at issue here, speaks to labor relations for public or government employees.

¶ 10.     The words "relations" and "field" are not defined in title 24, so they take their ordinary meanings. *See Sandifer v. United States Steel Corp.*, 571 U.S. 220, 227 (2014). Relations are "social, political, or personal connections or dealings between or among individuals, groups, nations, etc[.]" *Relations*, https://www.dictionary.com/browse/relations (last visited Jan. 22, 2021). Field, in this context, means "within a given profession[.]" *Field*, https://www.dictionary.com/browse/field?s=t (last visited Jan. 22, 2021). Taken together, "the field of labor relations" is the interactions between labor organizations and employers involving labor disputes and the resulting bargaining agreements. This is also known as collective bargaining.

¶ 11.    The Virgin Islands Government, as an employer, engages in collective bargaining with labor organizations (unions) through the Office of Collective Bargaining. 24 V.I.C. § 377 ("The Office of the Collective Bargaining is established within the Office of the Governor, but shall function under the Division of Personnel for budgetary purposes only."). The Chief Negotiator, "experienced in labor relations," supervises and directs its strategy for bargaining with labor unions. *Id.* The Office of Collective Bargaining "exclusively represent[s] the executive branch of government and its departments and divisions and negotiate[s] on its behalf in all collective bargaining proceedings[.]" *Id.* It also assists the Governor in formulating labor policies for collective bargaining; planning strategies for such bargaining; coordinating the government's position in all mediation and arbitration cases and labor disputes; and conducting systematic studies of collective bargaining agreements for the purpose of contract negotiations. *Id.* It is the Office of Collective Bargaining, along with the Governor, that "formulate[s], determine[s], and effectuate[s] management policies in the field of labor relations," on behalf of the Government.

¶ 12.    The rationale for excluding confidential employees from a bargaining unit is that those employees may provide the union with sensitive information that would give it a tactical advantage in the collective bargaining process. The exclusion also prevents employers from having to negotiate with unions through employees that are themselves members of the union. Title 24's definition of "confidential employee" appears drawn from National Labor Relations Board precedent. *See, e.g.,* *NLRB v. Hendricks Cty. Rural Elec. Mbrshp. Corp.*, 454 U.S. 170, 189 (1981). However, the Virgin Islands Legislature did not codify the broader version of the NLRB definition, which includes employees who "regularly have access to confidential information concerning anticipated changes which may result from collective bargaining negotiations." *NLRB v. Meenan Oil Co., L.P.*, 139 F.3d

311, 317 (2d Cir. 1998). Consequently, the Virgin Islands' definition is much narrower. It is also strictly construed "so employees who have access to confidential business information are not for that reason excludable from collective-bargaining units." *Id.*; *see also* PERB-UC-90-11. With this definition in mind, the Court turns to the exclusions at issue.

¶ 13.  The problem arises from PERB's conflation of "labor relations" and "personnel management." Labor relations, as discussed above, refers to collective bargaining and the relationship between labor organizations (unions) and employers. Here, it is the relationship between the Government, as the employer, and the Union. Personnel management refers to a relationship between the employer and its employees. It involves tasks such as hiring, setting pay grades, and other administrative tasks. Personnel management may be the subject of labor relations discussions or governed by the terms of a collective bargaining agreement, however, the terms are not synonymous.

¶ 14.  DOP is an executive branch agency separate from the Office of Collective Bargaining that deals not with labor relations, but with the government employee's personnel merit system and personnel management. 3 V.I.C. §§ 5, 452. DOP employees conduct tasks like recruiting government employees, writing job descriptions, performing job evaluations, setting salary grades, handling terminations, and training employees. These are personnel management tasks that fall generally within the field of "labor," but not "the field of labor relations." DOP employees may have access to or work with confidential information, but that alone does not make them confidential employees. *See Niles Twp. High Sch. Dist. 219 v. Ill. Educ. Labor Rels. Bd.*, 900 N.E.2d 336, 348 (Ill. Ct. App. 2008) ("[L]abor relations does not include hiring, performance or promotion or 'mere access to personnel or statistical information,' even if that information is confidential.")

¶ 15.   Confidential employees are only those employees who work in a confidential capacity with someone who formulates management policies for collective bargaining, meaning someone within the Office of Collective Bargaining or the Governor. That of course cannot include many DOP employees, the majority of whom do not appear to interact with the Office of Collective Bargaining, much less in a confidential capacity. PERB's findings are based on the mistaken view that employees who conduct staff trainings, write job descriptions, and implement personnel regulations work in the field of labor relations. They do not; they work in the field of personnel management. Moreover, under the statutory definition, merely working in the field of labor relations does not suffice for confidential status. 24 V.I.C. § 362; *see also Hendricks*, 454 U.S. at 189.

¶ 16.   From this mischaracterization, PERB extends confidential status to many mid to lower-level employees. In doing so, it overlooks the basic requirements of confidential employee status. First, those employees must be either forming policy or assisting, in a confidential capacity, an employee who does. PERB argues that some of the employees at issue form policies in the field of labor relations. However, as explained above, that is the exclusive task of the Office of Collective Bargaining and the Governor. So, the only way a DOP employee could be deemed confidential is by assisting someone, in a confidential capacity, that forms labor relations policy. That could be an employee at the Office of Collective Bargaining, the Governor, and possibly other members of the Governor's cabinet. PERB did not make that finding for any of the employees or positions at issue in this appeal and merely working under the Director of Personnel does not suffice.

¶ 17.   An examination of each position exposes PERB's errors. First, PERB found that DOP's Human Resources Specialist was confidential because he "interpret[s] and implement[s] personnel rules and regulations as well as the applicable provisions of a collective bargaining agreement."

PERB-UC-08-07 at 42. That of course is not "formulat[ing], determin[ing], *and* effectuat[ing] management policies in the field of labor relations." § 362 (emphasis added). It is merely implementing a collective bargaining agreement and bears no relationship to strategizing or negotiating with labor unions. PERB made the same finding for the Training Coordinator and the Purchasing/Payroll Coordinator. The Training Coordinator's main duties are to design and implement staff trainings, something wholly unrelated to collective bargaining. Likewise, the Purchasing/Payroll Coordinator handles payroll, attendance, and "reconciling petty cash amounts," not forming confidential policy. PERB Br. 22.

¶ 18.   The same flawed reasoning underlies PERB's findings for the other five positions. For the Personnel Audit Technician III, PERB found that implementing the collective bargaining agreement was the same as forming management policy. It is not. The Personnel Audit Technician is an auditor whose work consists of verifying information on Notice of Personnel Action ("NOPA") forms. *See* PERB-UC-08-07 at 17–18. PERB also found that the Personnel Analyst II & III positions were confidential because they had access to information not already known to the Union. Standing alone, access to confidential information is not enough for confidential status. *McCandless v. Merit Sys. Prot. Bd.*, 996 F.2d 1193, 1200 (Fed. Cir. 1993) ("Mere access to personnel information is insufficient to establish confidential status."). Moreover, there is no evidence in the record that they are involved in any way with collective bargaining. These positions mostly involve hiring and promotions. PERB-UC-08-07 at 11. The same is true of the Personnel Representatives I & II. They evaluate candidate eligibility and ensure employee information such as addresses and phone numbers are accurate. *Id.* at 10. Their duties have nothing to do with collective bargaining. PERB appears to have excluded these

two positions because "they exercise independent judgment." *Id.* at 44. Almost every job requires the exercise of judgment, however it has no bearing on confidential employee status under section 362.

¶ 19.   Personnel management is distinct from labor relations and implementing policy is distinct from forming policy. None of the positions at issue work in the field of labor relations, nor do they form management policy. DOP employees might have access to some confidential "labor-related information," but that term is not found within the definition of confidential employee. The term used is "management policies in the field of *labor relations*," which as explained, refers to collective bargaining. Further, there is no evidence in the record that the employees work in a confidential capacity with anyone forming collective bargaining policy. That task belongs to the Office of Collective Bargaining. While certain high-level officials in DOP may work in a confidential capacity with the Office of Collective Bargaining or the Governor, their confidential status would not extend downward to their subordinates. The limits in the definition of confidential employee and the related case law seek to prevent the over-extension of confidential status that has occurred here.

¶ 20.   PERB's findings are based on an incorrect interpretation of law and are not supported by substantial evidence. Its Decision and Order will therefore be vacated, and the affected positions will be placed back in the non-supervisory employees bargaining unit. An order of even date follows.

Dated: February ___, 2021

**Renée Gumbs Carty**
Judge of the Superior Court
of the Virgin Islands

ATTEST:
Tamara Charles
Clerk of the Court

By _____
Donna D. Donovan
Court Clerk Supervisor _____