**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**
**2016 MSPB 22**

Docket No. DC-0353-15-0736-I-1

**Monifah A. Hamilton,**

**Appellant,**

**v.**

**United States Postal Service,**

**Agency.**

June 7, 2016

Gale Robert Thames, Washington, D.C., for the appellant.

David Forde, Esquire, Washington, D.C., for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**OPINION AND ORDER**

¶1    The appellant has filed a petition for review of the initial decision, which dismissed her appeal for lack of jurisdiction.  For the reasons discussed below, we DENY the appellant's petition for review, and AFFIRM the initial decision AS MODIFIED by this Opinion and Order to apply the jurisdictional standard set forth in 5 C.F.R. § 1201.57 for restoration appeals filed on or after March 30, 2015, and to dismiss the appellant's suspension claim for lack of jurisdiction because she failed to nonfrivolously allege that she is a confidential Postal Service employee entitled to appeal an adverse action to the Board.

BACKGROUND

¶2      The appellant, a nonpreference-eligible employee, formerly was employed by the agency as a Postal Inspector.  Initial Appeal File (IAF), Tab 1 at 5.  On or about March 19, 2013, she suffered an on-the-job injury to her left knee and was placed in a limited-duty status until approximately September 2014.  IAF, Tab 7 at 4, 11-12, Tab 8 at 1.

¶3      On July 25, 2014, she was diagnosed with Idiopathic Angioedema, a condition characterized by symptoms of swelling and hives, which the appellant contends was brought on by job-related stress.  IAF, Tab 7 at 17, 26, Tab 8 at 2. In or around September 2014, she stopped working,[1] and on October 17, 2014, she filed a claim for compensation with the Office of Workers' Compensation Programs (OWCP) in connection with her Idiopathic Angioedema.  IAF, Tab 7 at 17-19.  OWCP denied her claim for compensation, finding that she failed to show that her medical condition arose during the course of her employment.  *Id.* at 20−22.

¶4      In or around September 2014, the appellant filed for disability retirement. *Id.* at 11-12.  Despite her application for disability retirement, on October 10, 2014, she accepted a limited-duty Postal Inspector assignment, which involved, among other things, performing administrative tasks, gathering, reviewing, and creating documents, and assisting on case investigations.  *Id.* at 15-16.  The appellant, however, did not return to work in this position and instead remained absent from duty from approximately September 2014 until July 16, 2015, when

---

[1] The appellant contends that, as of September 25, 2014, she involuntarily was absent from work because the agency informed her that she could not work due to her diagnosis of Idiopathic Angioedema.  IAF, Tab 7 at 17, Tab 10 at 2; Petition for Review File, Tab 3 at 34.  According to the agency, the appellant voluntarily was absent due to symptoms related to her Idiopathic Angioedema.  IAF, Tab 7 at 8.

she was separated from Federal service on a disability retirement. IAF, Tab 9 at 8, Tab 10 at 2; Petition for Review (PFR) File, Tab 3 at 34.

¶5        In May 2015, the appellant filed the instant appeal asserting that, despite her doctor's determination that she could return to work, the agency failed to restore her, ordered her home, and required her to use annual and sick leave. IAF, Tab 1 at 6. The administrative judge construed such allegations as raising a potential suspension claim and a denial of restoration claim. IAF, Tab 3. She issued a show cause order informing the appellant of her jurisdictional burdens and directing her to file evidence and argument to prove Board jurisdiction over such claims.[2] *Id.* In response, the appellant asserted that the Board has jurisdiction over her suspension claim because she is a confidential employee. IAF, Tab 4 at 3, Tab 8 at 2. The appellant also asserted that she was absent due to a compensable injury because her Idiopathic Angioedema was aggravated by work and the agency denied her restoration by offering her an invalid limited‑duty job offer. IAF, Tab 8 at 2.

¶6        The agency filed a motion to dismiss asserting that the Board lacks jurisdiction over the appellant's restoration claim because she failed to raise nonfrivolous allegations that she was absent due to a compensable injury or that

---

[2] The administrative judge's show cause order inaccurately informed the appellant that a constructive suspension may arise when an agency places an employee on enforced leave in order to inquire into the employee's ability to perform. IAF, Tab 3 at 4. In *Abbott v. U.S. Postal Service*, 121 M.S.P.R. 294, ¶ 10 (2014), the Board held that an agency's placement of an employee on enforced leave for more than 14 days constitutes an appealable suspension under 5 U.S.C. § 7512(2), not a constructive suspension. A constructive suspension appeal instead concerns leave that appears to be voluntary, but actually was not, and typically involves an employee-initiated absence in which the appellant alleges that she lacked a meaningful choice and the absence was caused by the agency's improper actions. *Bean v. U.S. Postal Service*, 120 M.S.P.R. 397, ¶ 8 & n.3 (2013). Because we find that the appellant is not an employee entitled to appeal an adverse action to the Board, we use the term "suspension" in this Opinion and Order to refer to the appellant's potential claim without deciding whether such a claim would constitute a suspension or constructive suspension.

she was denied restoration. IAF, Tab 7 at 6-7. The agency also argued that the Board lacks jurisdiction over the appellant's suspension claim because her absence was voluntary due to stress and hives, not any improper action by the agency, and because she was not a supervisor, manager, or confidential employee entitled to appeal an adverse action to the Board. *Id.* at 7−9.

¶7  Without holding the appellant's requested hearing, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction. IAF, Tab 11, Initial Decision (ID). Regarding the appellant's restoration claim, the administrative judge found that she failed to nonfrivolously allege that she was separated[3] from her position due to a compensable injury, that she was a partially recovered employee, that she was denied restoration, or that the agency acted arbitrarily and capriciously. ID at 6-7. Regarding the appellant's suspension claim, the administrative judge found that the appellant did not offer any evidence or argument in support of her claim, but, in any event, Postal Inspectors are not confidential employees entitled to appeal an adverse action to the Board. ID at 3−4 n.3.

¶8  The appellant has filed a petition for review in which she reasserts her arguments below that the agency denied her restoration under 5 C.F.R. part 353 and that the Board has jurisdiction over her suspension claim because she was a confidential employee. PFR File, Tab 3 at 1-4. The agency has opposed the appellant's petition. PFR File, Tab 5.

---

[3] Although the typical restoration appeal involves a situation in which a fully or partially recovered employee exercises a restoration right after having been separated from Federal service for a period of time, the Board has held that an employee need not show that she was separated from duty, merely that she was absent from her position due to a compensable injury, e.g., on sick leave or leave without pay. *Wilson v. U.S. Postal Service*, 98 M.S.P.R. 679, ¶ 9 (2005).

## ANALYSIS

### The appellant failed to establish Board jurisdiction over her restoration claim under the standard set forth in the Board's revised regulation, effective March 30, 2015.

¶9    The Federal Employees' Compensation Act and the implementing regulations of the Office of Personnel Management (OPM) at 5 C.F.R. part 353 provide, inter alia, that Federal employees who suffer compensable injuries enjoy certain rights to be restored to their previous or comparable positions. 5 U.S.C. § 8151(b); *Scott v. U.S. Postal Service*, 118 M.S.P.R. 375, ¶ 6 (2012); 5 C.F.R. § 353.301. Under OPM's regulations, such employees have different substantive rights based on whether they have fully recovered, partially recovered, or are physically disqualified from their former or equivalent positions. 5 C.F.R. § 353.301. Partially recovered employees are those who "though not ready to resume the full range" of duties, have "recovered sufficiently to return to part‑time or light duty or to another position with less demanding physical requirements." 5 C.F.R. § 353.102.

¶10    OPM's regulations require that agencies "make every effort to restore in the local commuting area, according to the circumstances in each case, an individual who has partially recovered from a compensable injury and who is able to return to limited duty." 5 C.F.R. § 353.301(d). The Board has jurisdiction to review whether an agency's denial of restoration to a partially recovered employee was arbitrary and capricious. *Bledsoe v. Merit Systems Protection Board*, 659 F.3d 1097, 1103-04 (Fed. Cir. 2011); 5 C.F.R. § 353.304(c).

¶11    Until recently, an appellant alleging a denial of restoration was required to prove Board jurisdiction by preponderant evidence. *Bledsoe*, 659 F.3d at 1103‑04.[4] However, the Board issued a new regulation effective March 30,

---

[4] Prior to the decision of the U.S. Court of Appeals for the Federal Circuit in *Bledsoe*, the Board had held that jurisdiction over a restoration appeal was established by

2015, that adopted a nonfrivolous jurisdictional standard for restoration appeals. 80 Fed. Reg. 4,489, 4,496 (Jan. 28, 2015) (codified in pertinent part at 5 C.F.R. § 1201.57(a)(4), (b)); 79 Fed. Reg. 18,658, 18,659-61 (Apr. 3, 2014); *see Garcia v. Department of Homeland Security*, 437 F.3d 1322, 1338, 1343 (Fed. Cir. 2006) (indicating that the Board may adopt a nonfrivolous jurisdictional standard for an appeal by changing its regulations on jurisdiction in accordance with notice and comment rulemaking procedures).

¶12     Thus, to establish jurisdiction over her claim that she was denied restoration as a partially recovered employee, the appellant was required to make nonfrivolous[5] allegations of the following:  (1) she was absent from her position due to a compensable injury; (2) she recovered sufficiently to return to duty on a part-time basis or to return to work in a position with less demanding physical requirements than those previously required of her; (3) the agency denied her request for restoration; and (4) the denial was arbitrary and capricious because of the agency's failure to perform its obligations under 5 C.F.R. § 353.301(d).[6] *See Bledsoe*, 659 F.3d at 1104 (applying the former preponderant evidence

nonfrivolous allegations that the agency violated an appellant's restoration rights under 5 C.F.R. part 353.  *See, e.g.*, *Chen v. U.S. Postal Service*, 97 M.S.P.R. 527, ¶ 12 (2004). Subsequent to *Bledsoe*, however, the Board found it necessary to overrule *Chen* in *Latham v. U.S. Postal Service*, 117 M.S.P.R. 400, ¶ 10 (2012), and to apply a preponderant evidence standard for jurisdictional determinations in restoration appeals.

[5] Nonfrivolous allegations of Board jurisdiction are allegations of fact that, if proven, could establish a prima facie case that the Board has jurisdiction over the matter at issue.  *Coleman v. Department of the Army*, 106 M.S.P.R. 436, ¶ 9 (2007); 5 C.F.R § 1201.4(s).

[6] Although only particular groups of Postal Service employees have the right to appeal an adverse action to the Board, the Board may exercise jurisdiction over a Postal Service employee's claim that the agency violated her restoration rights under 5 C.F.R. part 353 regardless of whether the employee is preference eligible, a supervisory or managerial employee, or an employee engaged in personnel work in other than a purely nonconfidential clerical capacity.  *See Allen v. U.S. Postal Service*, 73 M.S.P.R. 73, 76 (1997); 5 C.F.R. §§ 353.102-.103.

jurisdictional standard); *Latham*, 117 M.S.P.R. 400, ¶ 10 (same); 5 C.F.R. § 1201.57.

¶13    Because the appellant filed her Board appeal after the March 30, 2015 effective date of the new regulation, she only was required to make nonfrivolous allegations of jurisdiction to obtain a hearing on the merits. 5 C.F.R. § 1201.57(a)(4), (b); IAF, Tab 1. The record reflects that the administrative judge applied the former preponderant evidence standard and dismissed the appellant's restoration claim for lack of jurisdiction without holding a hearing because she found that the appellant failed to make nonfrivolous allegations entitling her to a jurisdictional hearing at which she would be required to prove jurisdiction by preponderant evidence.[7] ID at 1, 8. Nonetheless, applying the jurisdictional standard set forth in the Board's revised regulation, we find that the appellant has failed to establish Board jurisdiction over her restoration claim.

¶14    The appellant failed to nonfrivolously allege that she was absent from her position due to a compensable injury. A compensable injury is defined as one that is accepted by OWCP as job-related and for which medical or monetary benefits are payable from the Employees' Compensation Fund. *Frye v. U.S. Postal Service*, 102 M.S.P.R. 695, ¶ 9 (2006). The determination of whether an individual suffers from a compensable medical condition is within the exclusive purview of OWCP. *Simonton v. U.S. Postal Service*, 85 M.S.P.R. 189, ¶ 11 (2000). The appellant alleged that her absence beginning in approximately September 2014 was related to her Idiopathic Angioedema. IAF, Tab 7 at 17-18, Tab 8 at 2. Because OWCP determined that this medical condition was not

---

[7] Whether the administrative judge applied a nonfrivolous or preponderant evidence jurisdictional standard is somewhat unclear. *Compare* ID at 8 (finding that the appellant failed to raise nonfrivolous allegations entitling her to a jurisdictional hearing), *with* ID at 6 (finding that the appellant "failed to demonstrate" that she was separated from her position due to a compensable injury and "failed to establish" that she was partially recovered).

job‑related, IAF, Tab 7 at 20-22, the appellant has no restoration rights under 5 C.F.R. part 353 based on this condition, *see, e.g.*, *McFarlane v. U.S. Postal Service*, 110 M.S.P.R. 126, ¶ 16 (2008) (finding that the appellant failed to raise a nonfrivolous allegation of jurisdiction because OWCP had denied his claim of recurrence, and, thus, he did not have a compensable injury that would entitle him to restoration). Although the appellant contends that she appealed OWCP's decision and has submitted additional medical documentation to OWCP, she has not alleged that OWCP ever determined her medical condition to be job‑related. IAF, Tab 8 at 2.

¶15     To the extent the appellant is alleging that her absence beginning in September 2014 was due to her compensable knee injury, the record reflects that, in October 2014, the agency offered, and the appellant accepted, a limited-duty assignment. IAF, Tab 7 at 15-16, Tab 8 at 2. The administrative judge found unavailing the appellant's argument that this was not a valid job offer because it did not inform her of the requisite job duties.[8] ID at 7. To the contrary, the administrative judge found that the duties of the modified assignment and the physical requirements were clearly listed on the job offer, and that the appellant offered no evidence or argument to establish that this job offer was not in compliance with her physical limitations. *Id.* Accordingly, we agree with the administrative judge that the appellant failed to nonfrivolously allege that she was denied restoration as a partially recovered employee based on her

---

[8] The appellant also argued that the job offer was invalid because, when she signed the form, a box indicating the date her supervisor signed the form stated "date signed," but was later changed to state "date offered." IAF, Tab 8 at 1, 5-6. We agree with the administrative judge that such a distinction is inconsequential and does not change the fact that the appellant accepted the limited-duty assignment on October 10, 2014. ID at 7 n.5.

compensable knee injury or that the agency acted arbitrarily or capriciously.[9]  ID at 6-7.

### The appellant is not an employee with the right to appeal an adverse action under chapter 75 to the Board.

¶16     The appellant asserts that, as of September 25, 2014, she was involuntarily absent from work because the agency informed her that she could not work due to her diagnosis of Idiopathic Angioedema.  IAF, Tab 7 at 17, Tab 8 at 2.  Because OWCP deemed this medical condition not compensable, IAF, Tab 7 at 20-22, such allegations are properly analyzed as a suspension claim, not a restoration appeal, *see Romero v. U.S. Postal Service*, 121 M.S.P.R. 606, ¶ 2 n.1 (2014); *Bean*, 120 M.S.P.R. 397, ¶ 13 n.7.

¶17     A Postal Service employee has a right to appeal an adverse action to the Board, if she (1) is a preference eligible, a management or supervisory employee, or an employee engaged in personnel work in other than a purely nonconfidential clerical capacity, and (2) has completed 1 year of current continuous service in

---

[9] The administrative judge also determined that the appellant failed to nonfrivolously allege that she was partially recovered because her medical documentation indicated that she had permanent restrictions due to her compensable knee injury that prevented her from returning to her position in law enforcement.  ID at 6.  A partially recovered employee is one who has recovered sufficiently to return to work part-time, to light duty, or to a position with less demanding physical requirements, with the expectation that she will fully recover eventually.  5 C.F.R. § 353.102.  In contrast, a physically disqualified individual is one who cannot, or for medical reasons should not, perform the duties of her former position, and who is not expected to improve or recover. *See id.*  To the extent the appellant was attempting to assert rights as a physically disqualified employee, we find that her rights were properly analyzed by the administrative judge as those of a partially recovered employee because, after 1 year, a physically disqualified employee's rights are the same as those of a fully or partially recovered employee, as applicable.  IAF, Tab 8 at 1 (reflecting that the appellant's compensable knee injury occurred on March 19, 2013); *see* 5 C.F.R. § 353.301(c).  Regardless, because the appellant failed to nonfrivolously allege that she was denied restoration, she cannot establish Board jurisdiction.

the same or similar positions.[10]  *See* 39 U.S.C. § 1005(a)(4)(A); 5 U.S.C. § 7511(a)(1)(B)(ii); *Clark v. U.S. Postal Service*, 118 M.S.P.R. 527, ¶ 7 (2012).

¶18    The administrative judge dismissed the appellant's suspension claim for lack of jurisdiction because she found that the appellant was not a preference eligible, manager, supervisor, or an employee engaged in confidential personnel work entitled to appeal an adverse action to the Board.[11]  ID at 3-4 n.3.  The record reflects that the appellant completed 1 year of current continuous service in her Postal Inspector position.  IAF, Tab 7 at 11.  On her appeal form, the appellant acknowledges that she is a nonpreference‑eligible employee.  IAF, Tab 1 at 5.  In addition, the appellant does not contend, and the record does not suggest, that her duties as a Postal Inspector qualify her as a manager or supervisory employee.  IAF, Tab 7 at 13-14; *see Bolton v. Merit Systems*

---

[10] The administrative judge failed to afford the appellant proper jurisdictional notice as to what she must do to establish that she is an employee entitled to appeal an adverse action to the Board.  *See Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643-44 (Fed. Cir. 1985).  Nonetheless, the lack of *Burgess* notice did not prejudice the appellant's substantive rights because her pleadings demonstrate that she was aware of the jurisdictional prerequisites and the initial decision also notified her regarding which Postal Service employees have the right to appeal an adverse action to the Board.  IAF, Tab 4 at 3; ID at 3-4 n.3; PFR File, Tab 3 at 3; *see Mapstone v. Department of the Interior*, 106 M.S.P.R. 691, ¶ 9 (2007) (stating that an administrative judge's failure to provide an appellant with proper *Burgess* notice can be cured if the initial decision puts the appellant on notice of what he must do to establish jurisdiction); *Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (stating that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

[11] In finding that the appellant was not a manager or confidential employee, the administrative judge incorrectly relied upon *Nigg v. U.S. Postal Service*, 91 M.S.P.R. 164 (2002), *aff'd*, 321 F.3d 1381 (Fed. Cir. 2003).  In *Nigg*, the Board did not address whether the appellant was an employee entitled to appeal an adverse action to the Board, but disposed of the appeal by holding that the substance of the appeal was outside the Board's jurisdiction.  *Nigg*, 91 M.S.P.R. 164, ¶ 6.  The Federal Circuit affirmed the Board's decision without addressing whether the appellant was an employee.  *Nigg*, 321 F.3d at 1383-84.

*Protection Board*, 154 F.3d 1313, 1317-18 (Fed. Cir. 1998) (using the definition of supervisor set forth by the National Labor Relations Board (NLRB) and found at 29 U.S.C. § 152(11) as "any individual having authority, in the interest of the employer, to hire, transfer, suspend, lay off, recall, promote, discharge, assign, reward, or discipline other employees, or responsibly to direct them, or to adjust their grievances, or effectively to recommend such action, if in connection with the foregoing the exercise of such authority is not of a merely routine or clerical nature, but requires the use of independent judgment"); *Waldau v. Merit Systems Protection Board*, 19 F.3d 1395, 1398-99 (Fed. Cir. 1994) (adopting the NLRB's definition of a management employee as an employee who formulates and effectuates management policies by expressing and making operative the decisions of his or her employer).

¶19    The appellant does assert, however, that she is a confidential employee under 39 U.S.C. § 1005(a)(4)(A)(ii). IAF, Tab 4 at 3. In particular, she asserts that she handled confidential information in the course of investigations, the result of which directly affected agency operations in the area of personnel. *Id.* She also asserts that she testified in Federal court on numerous occasions.[12] *Id.* The Board has adopted the definition of the term "confidential employees" set forth by the NLRB, which includes "those employees who: (1) '[A]ssist and act

---

[12] On review, the appellant also asserts that she handled sensitive employee personnel information in the course of investigating administrative cases, worked closely with management and human resources to compile sensitive information, and enforced various laws and policies. PFR File, Tab 3 at 3. The Board ordinarily will not consider evidence or argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence. *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980). However, we have considered the appellant's arguments on review because of the notice issues addressed *supra* n.10 and because her new arguments implicate the Board's jurisdiction, an issue that is always before the Board and may be raised by any party or sua sponte by the Board at any time during a Board proceeding. *See Lovoy v. Department of Health & Human Services*, 94 M.S.P.R. 571, ¶ 30 (2003).

in a confidential capacity to persons who formulate, determine and effectuate management policy in the field of labor relations,' or (2) 'regularly have access to confidential information concerning anticipated changes which may result from collective-bargaining negotiations.'" *Law v. U.S. Postal Service*, 77 M.S.P.R. 30, 34 (1997) (quoting *McCandless v. Merit Systems Protection Board*, 996 F.2d 1193, 1199 (Fed. Cir. 1993)).

¶20        Although the appellant may have handled sensitive employee personnel information in the course of administrative investigations, mere access to personnel information is insufficient to establish confidential status. *See Benifield v. U.S. Postal Service*, 40 M.S.P.R. 50, 54 (1989) (finding confidential information for purposes of 39 U.S.C. § 1005(a)(4)(A)(ii) refers to information regarding collective bargaining and labor relations, not to employees' personal data); *see also Hayden v. Merit Systems Protection Board*, No. 2016‑1291, slip op. at 2, 6-7 (Fed. Cir. May 10, 2016) (finding a human resources specialist who handled unemployment claims for former Postal Service employees and represented the Postal Service at unemployment compensation hearings was not a confidential employee despite her access to confidential agency databases).[13]  Moreover, the appellant's position description does not indicate that her job duties involved assisting or acting in a confidential capacity in the field of labor relations or having access to confidential information concerning the collective bargaining process.[14]  IAF, Tab 7 at 13.  Accordingly,

---

[13] The Board may choose to follow nonprecedential decisions of the Federal Circuit if, as here, it finds the reasoning persuasive. *See, e.g.*, *Erlendson v. Department of Justice*, 121 M.S.P.R. 441, ¶ 6 n.2 (2014).

[14] The fact that the appellant's position description indicates that her position is "nonbargaining," IAF, Tab 7 at 13, also does not constitute a nonfrivolous allegation that she is a confidential employee because not all unrepresented employees have appeal rights to the Board, only those excluded by law from collective bargaining

we find that the appellant has failed to nonfrivolously allege that she is a confidential employee entitled to appeal an adverse action to the Board under 39 U.S.C. § 1005(a)(4)(A)(ii), and we dismiss her suspension claim for lack of jurisdiction.

## ORDER

This is the final decision of the Merit Systems Protection Board in this appeal.  Title 5 of the Code of Federal Regulations, section 1201.113(c) (5 C.F.R. § 1201.113(c)).

NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in

---

because of their status as a manager, supervisor, or a confidential employee under 39 U.S.C. § 1202, *see McCandless*, 996 F.2d at 1201; *Wilson v. U.S. Postal Service*, 109 M.S.P.R. 60, ¶ 10 (2008).

title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:


_____
William D. Spencer
Clerk of the Board
Washington, D.C.