# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

EFREN Z. ANGUIANO,
   Appellant,

   v.

UNITED STATES POSTAL SERVICE,
   Agency.

DOCKET NUMBER
CH-0752-18-0553-I-1

DATE: February 29, 2024

# THIS ORDER IS NONPRECEDENTIAL[1]

Waite P. Stuhl, Esquire, St. Louis, Missouri, for the appellant.

James Gursky, Potomac, Maryland, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

## REMAND ORDER

The appellant has filed a petition for review of the initial decision that dismissed the appeal of his removal for lack of Board jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND this case to the Central Regional Office to hold a jurisdictional hearing in accordance with this Remand Order.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

## BACKGROUND

On August 13, 2018, the agency removed the appellant from the position of EAS-23 International Mail Security Specialist for failing to maintain a condition of employment due to his inability to hold a security clearance.  Initial Appeal File (IAF), Tab 1 at 6-7.  At the time of his removal, the appellant, a nonpreference eligible, had served in this position for nearly 5 years.  IAF, Tab 1 at 1; Petition for Review (PFR) File, Tab 1 at 11.

The appellant filed a Board appeal contesting his removal and requested a hearing.  IAF, Tab 1 at 2.  Due to the appellant's employment at the U.S. Postal Service, a question of whether the Board had jurisdiction over the appeal existed. The administrative judge issued an order directing both parties to file argument and evidence on the issue.  IAF, Tab 3.  In response, the appellant averred that he held a supervisory and management position for at least 1 year continuously at the time of his removal, resulting in Board jurisdiction over his appeal.  IAF, Tab 7 at 1-2.  The agency objected by contending that the appellant did not raise a nonfrivolous allegation evidencing Board jurisdiction.  IAF, Tab 9 at 4-13.  On September 28, 2018, the administrative judge issued an initial decision dismissing the appeal, holding that the appellant failed to make a nonfrivolous allegation of Board jurisdiction, meaning that he was not entitled to a jurisdictional hearing. IAF, Tab 10, Initial Decision (ID) at 1-6.  The appellant then filed a petition for review, and the agency responded in opposition.  PFR File, Tabs 1, 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

The Board's jurisdiction is not plenary; it is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985).  A Postal Service employee may file a Board appeal of an agency action taken under chapter 75, such as a removal, only if he is covered by 39 U.S.C.§ 1005(a) or 5 U.S.C. § 7511(a)(1)(B).   5 U.S.C. § 7511(b)(8).   Thus,  to  appeal  a  removal  under

chapter 75, a Postal employee (1) must be a preference eligible, a management or supervisory employee, or an employee engaged in personnel work in other than a purely nonconfidential clerical capacity; and (2) must have completed 1 year of current continuous service in the same or similar positions. 39 U.S.C.§ 1005(a)(4)(A); 5 U.S.C. § 7511(a)(1)(B); *McCandless v. Merit Systems Protection Board*, 996 F.2d 1193, 1198-99 (Fed. Cir. 1993).

Before the administrative judge, the appellant, a nonpreference eligible, claimed that he served in a supervisor and management position for at least 1 year continuously at the time of his removal. IAF, Tab 7 at 1-2. For purposes of determining whether a nonpreference eligible Postal Service employee is a "supervisor" who may appeal an adverse action to the Board, the two particular functions that are most often substantially determinative are (1) the authority to discharge or discipline another employee, or effectively to recommend that another employee be disciplined or discharged; and (2) the employee's authority to responsibly direct the actions of other employees. *Bolton v. Merit Systems Protection Board*, 154 F.3d 1313, 1317-18 (Fed. Cir. 1998). The definition of "manager" for these purposes is one who formulates and effectuates management policies by expressing and making operative the decisions of their employer. *Id.* at 1318.

Prior to the issuance of the initial decision, the appellant did not receive sufficient information on what was required of him to establish an appealable jurisdictional issue.

An appellant must receive explicit information on what is required to establish an appealable jurisdictional issue. *Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643-44 (Fed. Cir. 1985). An appellant bears the burden to establish jurisdiction over his adverse action appeal by preponderant evidence. *Vitale v. Department of Veterans Affairs*, 107 M.S.P.R. 501, ¶ 17 (2007); 5 C.F.R. § 1201.56(b)(2)(i)(A). Where an appellant sets forth a nonfrivolous allegation of Board jurisdiction, he is entitled to a hearing on the jurisdictional question.

*Lara v. Department of Homeland Security*, 101 M.S.P.R. 190, ¶ 7 (2006); *see Burgess*, 758 F.2d at 643-44. A nonfrivolous allegation is an allegation of fact which, if proven, could establish a prima facie case of Board jurisdiction over the appeal. *Ferdon v. U.S. Postal Service*, 60 M.S.P.R. 325, 329 (1994); 5 C.F.R. § 1201.4(s). An allegation generally will be considered nonfrivolous when, under oath or penalty of perjury, an individual makes an allegation that is more than conclusory, plausible on its face, and material to the legal issues in the appeal. 5 C.F.R. § 1201.4(s).

In this case, as the appellant argues in his petition for review, the Jurisdiction Order issued by the administrative judge failed to provide him with explicit information on his requirement to establish an appealable jurisdictional issue. IAF, Tab 3; PFR File, Tab 1 at 5-9. Specifically, the order did not mention the nonfrivolous allegation standard that the appellant had to meet to attain a jurisdictional hearing. IAF, Tab 3; *see Scott v. Department of Justice*, 105 M.S.P.R. 482, ¶ 5 (2007) (noting that the jurisdictional notice provided to the appellant was inadequate because it did not offer any explicit information about the argument and evidence that the appellant in the case had to present in order to nonfrivolously allege Board jurisdiction). Instead, the order focused exclusively on how the appellant could establish by preponderant evidence his status as a preference eligible, despite the fact that he previously indicated that he was not preference eligible. IAF, Tab 1 at 1, Tab 3 at 2-3. There was no information provided to the appellant on how to set forth sufficient argument and evidence to raise a nonfrivolous allegation that he served in a supervisory or management position at the time of his removal, which is where he grounded his argument in Board jurisdiction. IAF, Tab 3, Tab 7 at 1. The Board has held that an appellant cannot be expected to "fight a fog of generality" that is created by an insufficient notice of what must be alleged in order to receive a jurisdictional hearing. *Scott*, 105 M.S.P.R. 482, ¶ 5.

Nevertheless, the failure of an administrative judge to provide an appellant with the proper *Burgess* notice can be cured if an agency's pleadings contain the notice that was lacking or if the initial decision puts an appellant on notice of what he must do to establish jurisdiction, thus affording him the opportunity to meet the jurisdictional burden on review. *Id.*, ¶ 6. In this case, notice of the appropriate jurisdictional standard is piecemealed between the agency's response to the Jurisdiction Order and the initial decision.[2] *See generally* IAF, Tab 9 at 4-12; ID at 1-6. In his petition for review, the appellant proffered argument and evidence to meet the nonfrivolous allegation of Board jurisdiction standard, which we will now consider. PFR File, Tab 1 at 4-12.

<u>The appellant set forth a nonfrivolous allegation of Board jurisdiction, entitling him to a jurisdictional hearing on the appeal of his removal.</u>

In his petition for review, the appellant submitted a sworn affidavit laying out his claim that he served in a supervisory position at the time that he was removed from the agency.[3] PFR File, Tab 1 at 11-12. Particularly, the appellant stated that his supervisory responsibilities over seven employees consisted of hiring, directing workload, disciplining, and conducting performance evaluations. *Id.* These are the types of functions that fall under the purview of a "supervisor" that the Board considers determinative when assessing jurisdiction over adverse action appeals of Postal Service employees. *Bolton*, 154 F.3d at 1317-18. The appellant's rather specific claim regarding holding a supervisory position at the time of his removal is made under the penalty of perjury, is plausible on its face, and is material to the legal jurisdictional issue present in this appeal. If the appellant's contention in his sworn affidavit is proven, then he will be deemed a

---

[2] The appellant did not have the opportunity to respond to the agency's response to the Jurisdiction Order prior to the issuance of the initial decision. IAF, Tab 3 at 3-4.

[3] On review, the appellant advances the claim that he served in a supervisory position and not in a management position. PFR File, Tab 1 at 11-12.

supervisor, and it would establish Board jurisdiction over the appeal of his removal.[4]

Therefore, after receiving explicit information on what was required of him to establish an appealable jurisdictional issue, the appellant set forth a nonfrivolous allegation of Board jurisdiction. *See Smirne v. Department of the Army*, 115 M.S.P.R. 51, ¶ 11 (2010) (holding that the appellant's sworn statement was sufficient to constitute a nonfrivolous allegation of Board jurisdiction). The appellant is now entitled to a jurisdictional hearing on the matter. *See Walker v. Department of the Army*, 119 M.S.P.R. 391, ¶ 17 (2013) (remanding for a jurisdictional hearing as the appellant made a nonfrivolous allegation of Board jurisdiction).

## ORDER

For the reasons discussed above, we remand this case to the Central Regional Office to hold a jurisdictional hearing in accordance with this Remand Order.

FOR THE BOARD:

*Gina K. Grippando*

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.

---

[4] It remains undisputed that the appellant is a nonpreference eligible that served in his position for at least 1 year continuously at the time of his removal. IAF, Tab 1 at 1, Tab 7 at 2, Tab 9 at 5.