## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

CARLOS L. ANDREWS,
                    Appellant,

            v.

UNITED STATES POSTAL SERVICE,
                    Agency.

DOCKET NUMBER
DE-0752-20-0249-I-1

DATE: June 27, 2024

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Carlos L. Andrews, Decatur, Georgia, pro se.

Leigh K. Bonds, Esquire, Sandy, Utah, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his appeal of his termination from the U.S. Postal Service for lack of jurisdiction. On petition for review, the appellant reiterates his arguments from below that the agency abused its power when it relied upon a "false justification"

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

for his termination based on an absence without leave charge, and he reasserts his affirmative defenses of disability discrimination and reprisal for prior equal employment opportunity activity. Petition for Review (PFR) File, Tab 1 at 2-3. He also argues that pleadings he submitted below, which the administrative judge deemed untimely filed but ultimately considered in issuing the initial decision, were not untimely filed, and he resubmits a response to the agency's motion to strike certain pleadings, filed below, which the Denver Field Office rejected because he filed it after the issuance of the initial decision. *Id*. at 2, 5-11. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

The administrative judge correctly found that the Board lacks jurisdiction over the appellant's appeal of his removal action because the appellant failed to nonfrivolously allege or otherwise establish that he fits within the limited categories of U.S. Postal Service employees with adverse action appeal rights with the Board. Initial Appeal File (IAF), Tab 10, Initial Decision (ID) at 4; *see* 39 U.S.C. § 1005(a)(4)(A) (providing for Board jurisdiction over an adverse action appeal by U.S. Postal Service employees only when such an employee is

either a preference eligible or in the position of a supervisor or a management employee, or an employee engaged in personnel work in other than a purely nonconfidential clerical capacity); *see also McCandless v. Merit Systems Protection Board*, 996 F.2d 1193, 1198-99 (Fed. Cir. 1993); *Jackson v. U.S. Postal Service*, 74 M.S.P.R. 20, 22-23 (1997). Similarly, we also agree with the administrative judge's conclusion that the Board also lacks jurisdiction over the appellant's discrimination and reprisal claims because there is no action before the Board over which it has jurisdiction.[2] ID at 5; *see Wren v. Department of the Army*, 2 M.S.P.R. 1, 2 (1980) (concluding that, absent an otherwise appealable action, the Board lacks jurisdiction over discrimination and prohibited personnel practice claims), *aff'd*, 681 F.2d 867, 871-73 (D.C. Cir. 1982).

As briefly noted above, the appellant also argues on review that the administrative judge incorrectly stated that his June 10 and June 11, 2020 pleadings below were untimely filed. PFR File, Tab 1 at 2; ID at 3. Regardless of the timeliness of these pleadings, however, the administrative judge stated in the initial decision that she considered the pleadings. ID at 3. Thus, the appellant's substantive rights were not harmed even if his argument on review is correct. Additionally, the appellant challenges the Denver Field Office's rejection of his response to the agency's motion to strike his June 10 and June 11, 2020 pleadings. PFR File, Tab 1 at 2. We have reviewed the record, however, and the substance of the agency's motion to strike relates directly to the appellant's June 10 and June 11, 2020 pleadings, and requests that they be stricken from the record because they were untimely filed. IAF, Tab 8. Because the administrative judge ultimately considered those pleadings, the agency's motion to strike, and subsequently, the appellant's response to the agency's

---

[2] The appellant's petition for review in *Andrews v. Department of Labor*, MSPB Docket No. DE-3443-20-0170-I-1, which involves the appellant's challenge to an administrative judge's decision dismissing the appellant's appeal of a decision issued by the Department of Labor concerning Office of Workers' Compensation Programs benefits, has been addressed in a separate Board decision.

motion to strike are both moot.  Accordingly, the appellant's arguments on review concerning consideration of certain pleadings in this case do not provide a basis to disturb the initial decision.

**NOTICE OF APPEAL RIGHTS**[3]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[4]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Gina K. Grippando*

FOR THE BOARD: _____
Gina K. Grippando
Clerk of the Board

Washington, D.C.